**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MILTON VERAN WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case Number CIV-03-169-C |
| | ) |
| RON WARD, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is a Notice of Appeal filed by Petitioner Milton Veran Williams (Williams), a prisoner appearing pro se. Williams appeals the Court's denial of his motion to be released on bond pending the Tenth Circuit's review of his habeas corpus case brought under 28 U.S.C. § 2254. (See Order, Dkt. No. 51.) At the forefront of the Court's analysis are two issues: Whether the Court's order denying bond is itself an appealable order in light of Williams' pending habeas corpus appeal in the Tenth Circuit, and, if yes, whether Williams must obtain a certificate of appealability (COA) as a prerequisite to appealing the Court's order.

The majority of circuit courts have held that the denial of bond during the pendency of a habeas corpus case is appealable under the collateral order doctrine enunciated by the United States Supreme Court in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). Pagan v. United States, 353 F.3d 1343, 1345-46 (11th Cir. 2003); Lee v. Jabe, 989 F.2d 869, 870 (6th Cir. 1993); Grune v. Coughlin, 913 F.2d 41, 43-44 (2d Cir. 1990); United States v. Smith, 835 F.2d 1048, 1049 (3d Cir. 1987); Martin v. Solem, 801 F.2d 324, 328-29 (8th Cir.

1986); Guerra v. Meese, 786 F.2d 414, 418 (D.C. Cir. 1986); Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985) (relying on Stack v. Boyle, 342 U.S. 1 (1951), in addition to the collateral order doctrine); United States v. Dorsey, 92 Fed.Appx. 58 (4th Cir. 2004) (unpublished opinion). Moreover, several circuit courts have held that 28 U.S.C. § 2253(c) and FED. R. APP. P. 22(b) require the petitioner to obtain a COA because the district court's order denying or granting release on bond is a final order within a habeas corpus proceeding. Pagan, 353 F.3d at 1346; Lee, 989 F.2d at 870-71; Grune, 913 F.2d at 44; Dorsey, 92 Fed.Appx. 58 (unpublished opinion). To date, the Tenth Circuit has not addressed either issue. However, upon full consideration of the circuit court cases cited, and without evidence to the contrary, the Court is persuaded that the cases' analyses and conclusions are sound. In light of the fact that the Court's order dated June 22, 2005, is a final, appealable order, the Court construes Williams' Notice of Appeal as an application for a COA to appeal the Court's denial of his motion to be released on bond pending the Tenth Circuit's review of his habeas corpus petition.

The Court may grant Williams a COA "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court previously denied Williams' motion for release on the merits (Order, Dkt. No. 51), thus he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, Williams' Notice of Appeal fails to allege what constitutional right has been denied, much less demonstrate how reasonable jurists could find the Court's denial of his

motion[*] debatable or in error.  Accordingly, as Williams has failed to make the requisite showing, Williams' request for a COA (Dkt. No. 52) is DENIED.

    IT IS SO ORDERED this 8th day of July, 2005.

*(signature)*
ROBIN J. CAUTHRON
United States District Judge

---

[*] The Court denied Williams' motion on the ground that he failed to show either "exceptional circumstances" or "a demonstration of a clear case on the merits of the habeas petition" as required by Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981).